Matthias, J.
The primary question presented by the demurrer to the amended petition is whether the plaintiff in error, The Dayton & Troy Electric Railway Company, is subject to assessment for the *14 improvement of a highway in which it has constructed and operates its interurban railway by virtue of a grant of right of way by the board of county commissioners. The court of appeals answered this question in the affirmative, and further held that plaintiff, not having instituted its action for injunction until after the road improvement was constructed, did not present an equitable case for injunction upon the further ground urged by it that its property was not and could not be benefited by such improvement. That court approved the action of the common pleas court in dismissing the amended petition of. the plaintiff.
If the right of way of the plaintiff company did not abut upon the highway it was not subject to assessment in any amount whatever for the improvement thereof.
The grant of right of way under authority of which the railway was constructed and is now being operated was executed by the board of commissioners of Miami county, Ohio, on December 9, 1892, to The Miami Valley Railway Company, its successors and assigns. It recites that said company had applied for a grant of right of way over and along certain turnpike roads, naming them, for the purpose of constructing, maintaining and operating an electric railway thereon, and had filed with the board the written consent thereto of the owners of more than one-half of the feet front of the lands abutting upon such roads; that the board granted a right of way across and along said roads, naming them, for the purpose of constructing, maintaining and operating a line of electric rail *15 way, “said grant being made in consideration of the benefit to be derived by the public from the cheap and rapid transit furnished by said road to the public.” It was provided therein that said railway should be so laid and constructed as to present the least possible obstruction to the free and convenient passage of pedestrians and vehicles over and along said roads consistent with the proper operation of said railway, and so as in no manner to interfere with the drainage along said roads or to cause additional public expense therefor. It was required that the track of said railway should be laid along the side of said roads, except where it becam'e necessary to cross from one side to the other. The company was required to save the county harmless from damages which might accrue to persons and property by reason of the construction and operation of said railway track, and to give bond to that effect. No term or period for the existence of such grant was fixed and prescribed by its provisions.
On May 27, 1902, The Miami Valley Railway Company executed to The Dayton & Troy Electric Railway Company, the plaintiff in this case, a perpetual lease, whereby it granted to the latter company all its right, title and interest in and to the railway’s properties, rights, privileges and franchises as the same were then located and com structed. It is by virtue of this lease that the plaintiff here, The Dayton & Troy Electric Railway Company, obtained’ its right, the only right it claims to have, to maintain and operate its interurban railway upon said highway.
*16 The provisions of Section 1209, General Code (102 O. L., 343), are relied upon as authority for levying the special assessment which the plaintiff seeks to enjoin. That section provides as follows: “If a railway corporation owns in fee a strip of land by the side of the highway to be improved on which it operates a steam or electric- railroad, the land lying immediately back of such strip shall be regarded and treated as abutting upon such highway for all purposes of abutting ownership, and both such strip and the land lying immediately back thereof shall be assessed as provided in the preceding section.”
The extent and term of the right, title and franchise conveyed or attempted to be conveyed by The Miami Valley Railway Company to the plaintiff is wholly immaterial in the consideration of the question whether or not the latter company “owns in fee a strip of land by the side of the highway to be improved,” for the reason that The Miami Valley Railway Company could convey no greater right, title or interest than it received, and all it received or could receive from the board of county commissioners was a franchise grant to operate its* road over and upon the highway. The right to construct and operate such railway was granted by the board of county commissioners in pursuance of authority conferred by Section 3438 et seq., Revised Statutes, the provisions of which, relative to the matter now under discussion, were substantially the same as those of Section 9100 et seq., General Code.
*17 From a consideration of those provisions it clearly appears that no authority was conferred thereby upon a board of county commissioners to convey to a railway company the fee in any portion of the highway, and that the most that a railway company could acquire, and all that the grantee of the franchise involved in this case did acquire, was a mere easement for railroad purposes, limited in its use by the restrictions there imposed, and subject to the rights of owners of lands abutting upon the highway as well as to the rights of the public in the use and enjoyment of the highway. The board of county commissioners is authorized by statute to “fix the terms and conditions upon which such railways may be constructed, operated, extended, and consolidated,” and may within the limitations prescribed require joint use with another company. The right and privilege conferred upon such company is subject to the requirement of location or relocation of its tracks in consonance with the public interest.
The statute, under authority of which the highway in question here was improved and for which the assessment challenged was levied, authorizes the assessment of a stated portion of the cost and expense thereof upon property abutting upon such highway. The provisions of Section 1209, General Code, cannot be relied upon as authority for the assessment against the plaintiff company, for the reason that its road does not abut upon the highway, but is a part of the highway, and therefore it does not own in fee or otherwise a strip of land “by the side of a highway.” The evident pur *18 pose of the enactment of this provision was not to authorize the assessment of a portion of the expense of such improvement upon the strip of property of a railway corporation whereon it operated a steam or electric railway, for that would be assessable under the general provisions of the law relating to such improvements and the assessment of the cost thereof; its purpose was rather to direct that the land lying immediately back of such strip should be treated as abutting upon such highway, and to authorize the assessment upon such land as well as upon the strip owned by the railway corporation, which in fact does abut upon the highway.
Power to levy special assessments cannot be exercised unless the same be expressly conferred. If this interurban railway were located in the center of the highway, -and the highway were improved on both sides of the interurban track, it would scarcely be contended that the central portion of the highway occupied by the track of the interurban company could be assessed upon the theory that it either abutted upon or was by the side of the highway. A street railway company may be required to pave the street between its rails, for that is expressly authorized by statute, but such company cannot be assessed as an abutting owner for the construction of a sewer along the highway ovei which its line was constructed and operated. The special assessment in such proceeding as that under review is levied not against the owner., but upon the abutting property. It cannot be contended that the collection of this assessment could be satisfied by *19 proceeding against the property — a portion of a public highway.
In our opinion there was no authority whatever for levying such assessment, and the demurrer to the amended petition should have been overruled.

Judgment reversed, and judgment for plaintiff in error.

Nichols, C. J., Jones, Johnson, Wanamaker and Robinson, JJ., concur.
Merrell, J., not participating.